# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2021

Lyle W. Cayce
Clerk

No. 20-20105
Summary Calendar

Kevin Connors,

*Plaintiff—Appellee*,

*versus*

Edgar Halupis; Terry Speer,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1512

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Edgar Halupis and Terry Speer appeal the district court's denial of their motion for summary judgment on qualified immunity grounds as to the claim asserted by Kevin Connors, Texas prisoner # 1284939, that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20105

"[T]he denial of a motion for summary judgment based upon qualified immunity is a collateral order capable of immediate review . . . to the extent that the district court's order turns on an issue of law." *Brown v. Strain*, 663 F.3d 245, 248 (5th Cir. 2011) (internal quotation marks and citations omitted). While we are without jurisdiction to review whether factual disputes are genuine, we can determine "whether the factual disputes that the district court identified are material to the application of qualified immunity." *Amador v. Vasquez*, 961 F.3d 721, 726 (5th Cir. 2020) (internal quotation marks and citation omitted). Our review is de novo. *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010).

To rebut the assertion of qualified immunity on summary judgment, Connors was required to establish that the "allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official[s'] conduct." *Baldwin v. Dorsey*, 964 F.3d 320, 325 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1379 (2021); *see also Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018). The district court denied summary judgment because a genuine issue of material fact remained. The question for us on appeal is not whether the factual dispute identified by the district court is genuine, but whether it is material to the qualified immunity inquiry. *Amador*, 961 F.3d at 726. We conclude that it is and DISMISS for lack of jurisdiction. *See id.* at 726, 730-31. The motion for dismissal of the cross-appeal is DENIED as moot.